# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC REESE, # 36540-037 | * | Civil Action No. JFM-12-2484 |
| | | Criminal Action No. JFM-01-135 |
| Petitioner | * | |
| v | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

## MEMORANDUM

Pending is Eric Reese's ("Reese") pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. After careful review of the motion and applicable law, the court will dismiss the motion without prejudice for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Reese was convicted after a bench trial of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1). He was determined a career offender and sentenced to 360 months incarceration. ECF No. 118, Petition at 1. His conviction and sentence were affirmed on appeal. On February 28, 2006, his Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255 was considered and denied on its merits. ECF Nos. 105 and 106.

## PETITIONER'S CLAIMS

On August 20, 2012, Reese filed the instant § 2255 motion, claiming that he is entitled to vacatur and resentencing in light of *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010) and

*United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).[1] Specifically, he claims that he was improperly subjected to an enhanced sentenced because his state offenses no longer would qualify as predicate felonies. ECF No. 118 at 3.

**ANALYSIS**

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs district courts to dismiss § 2255 motions and exhibits when it appears upon examination the petitioner is not entitled to relief. Rules Governing Section 2255 Proceedings, Rule 4(b).

The instant motion represents Reese's second § 2255 petition. A prisoner may not filing a "second or successive" motion under § 2255 unless it is "certified ... by a panel of the appropriate court of appeals to contain ... newly discovered evidence ... or ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). A motion to vacate is "successive" if the first motion to vacate attacking the same criminal judgment was adjudicated on the merits. *See Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), abrogated on other grounds by *Skinner v. Switzer*, _U.S. _, 131 S.Ct. 1289 (2011).

Petitioner's § 2255 Motion is successive, and he does not plead or otherwise suggest that he has obtained pre-filing authorization from the Fourth Circuit Court of Appeals.[2] The court, therefore, is without jurisdiction to consider the motion. *See United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003). Consequently, the Motion shall be dismissed without prejudice to

---

[1] The United States Court of Appeals for the Fourth Circuit recently held the rule announced in *Carachuri-Rosendo* is procedural and not retroactively applicable to cases on collateral review. *See United states v. Powell*, 2012 W.L. 3553630*5 (4th Cir. August 20, 2012).

[2] The Clerk will be directed to mail an information packet for obtaining pre-filing authorization to petitioner.

2

Reese's ability to seek the Fourth Circuit's authorization to file a successive § 2255 motion. Additionally, the court declines to issue a certificate of appealability in this matter, as Reese has not established that this court's dispositive procedural ruling is debatable and that he has stated a debatable claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (citing 28 U.S.C. § 2253(c)).

## CONCLUSION

For the reasons stated herein, the court will dismiss the motion without prejudice and deny a certificate of appealability. A separate order follows.

**September 27, 2012**                  \_\_\_\_/s/_____
Date                                                        J. Frederick Motz
                                                               United States District Judge